James Kent DEASON *v.* STATE of Arkansas

CR 77-218                                     562 S.W. 2d 79

Opinion delivered March 6, 1978
(Division II)

*W. Asa Hutchinson,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joseph H. Purvis,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was charged with capital felony murder. Ark. Stat. Ann. § 41-4702 (Supp. 1972). On a plea of guilty to first degree murder and pursuant to a plea agreement, appellant was sentenced to life imprisonment. Three years later he filed a *pro se* motion for post-conviction relief, Rules of Crim. Proc., Rule 37 (1976), alleging that his guilty plea was involuntary and inconsistent with due process. After an evidentiary hearing, where appellant was represented by present court appointed counsel, the court denied the petition finding that appellant's plea of guilty was entered voluntarily, knowingly and understandingly and with the advice and assistance of adequate and effective assistance of counsel. Appellant first contends for reversal that he was incompetent at the time of his plea and sentencing and, therefore, did not intelligently waive his rights and voluntarily enter a guilty plea.

At the arraignment, appellant initially entered a plea of not guilty by reason of insanity. He was then committed by the court to the Arkansas State Hospital for psychiatric examination and was reported to be without psychosis. About one month later, appellant changed his plea to guilty at which time he never challenged the accuracy of the psychiatric report nor offered any evidence of incompetence. The trial court was under no constitutional duty to hold a sanity hearing *sua sponte* at the time of the plea and sentencing. *Maret v. United States,* 433 F. 2d 1064 (8th Cir. 1970); *Jones v. Swenson,* 469 F. 2d 535 (8th Cir. 1972); and *Maxwell v. Bishop,* 257 F. Supp. 710 (E.D. 1966).

A defendant in a criminal case is ordinarily presumed to be mentally competent to stand trial, and the burden of proving incompetence is upon the defendant. *Bumgarner* v. *Lockhart*, 361 F. Supp. 829 (E.D. Ark. 1973). The test of competence to stand trial is whether an accused "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky* v. *United States*, 362 U.S. 402 (1960). Here, at the Rule 37 hearing, appellant testified that he suffered "a mental, emotional breakdown during the whole period." Other witnesses verified that appellant was emotionally upset, tense, and often cried uncontrollably. Appellant's attorney described appellant's behavior "more as a passive thing rather than an active emotional disturbance" and "as remorse for what happened." "[T]he mere fact that an accused is nervous, or very excitable, is not sufficient grounds for a continuance" on the assertion of incompetence to stand trial. *Perkins* v. *State*, 217 Ark. 252, 230 S.W. 2d 1 (1950). Here there was also evidence that appellant attempted suicide prior to trial. In *United States* v. *Caldwell*, 543 F. 2d 1333 (D.C. Cir. 1974), it was held that suicide attempts do not establish that an accused is incompetent to participate in his role at trial or unable to perform it. Appellant also argues that his inability to remember the details of the crime is indicative of his incompetence to stand trial. However, lack of memory is an inadequate ground for holding a defendant incompetent. *United States* v. *Stevens*, 461 F. 2d 317 (7th Cir. 1972). Here we hold the court did not err in finding at the Rule 37 hearing that the appellant was competent at the time of his plea and sentencing.

Appellant next asserts the court erred in accepting his guilty plea inasmuch as the court did not inquire into the factual basis for his plea nor advise him of the nature of the charges against him. In *Byler* v. *State*, 257 Ark. 15, 513 S.W. 2d 801 (1974), we held that it must appear from the record of the plea proceedings that, *inter alia*, the plea had a basis in fact and the appellant understood the nature of the charges against him. However, in *Byler*, we observed: "The key question is whether the deficiencies were supplied by the record made at the second [postconviction] hearing."

Here the record of the plea proceeding discloses that the court meticulously inquired of practically all of appellant's rights; however, before accepting the plea, the court did not sufficiently inquire into the factual basis of the plea nor apprise appellant of the nature of the charges. As to the latter, at the Rule 37 hearing, appellant's attorney, who represented him at his arraignment and subsequent plea, testified that he explained to appellant that he was charged with capital felony murder (in commission of a burglary) and what the charge involved — death by electrocution or a life sentence without parole; they discussed possible pleas and defenses, including the plea of not guilty by reason of insanity; all lesser included offenses except involuntary manslaughter and the possible sentences; also, a possible arrangement with the state for a sentence of life imprisonment in return for his guilty plea. He told appellant this would avoid the possibility of the death penalty or a life sentence without parole. Also, at sentencing, the court advised appellant of the maximum penalty with or without the state's waiver of the death penalty. Obviously, the appellant was fully apprised of the nature of the charges against him.

A factual basis for the plea was also established at the postconviction hearing. Appellant was charged with shooting to death his ex-wife. At the hearing he testified that he had been drinking all day and blanked out. He did not remember firing three shots through the door to gain entrance to her home nor actually shooting his ex-wife. His next recollection "was being in Rogers at the scene of the crime." He did recall taking his children from the home and going with his father and brother-in-law to turn himself in to the police. Evidence was adduced that the victim of the alleged crime was found dead in her bathroom from a gunshot wound. There was ample evidence adduced at the evidentiary hearing to establish a factual basis for the plea.

Appellant next contends he was denied effective assistance of counsel in violation of the due process clause of the United States Constitution. A duly licensed attorney is presumed competent, and the burden is on the one alleging inadequate representation to show "the acts or omissions of an accused's attorney result in making the proceedings a

farce and mockery of justice, shocking the conscience of the court or the representation is so patently lacking in competence or adequacy that it becomes the duty of the court to be aware of and correct it." *Haynie* v. *State*, 257 Ark. 542, 518 S.W. 2d 492 (1975); and *Leasure* v. *State*, 254 Ark. 961, 497 S.W. 2d 1 (1973). Here, admittedly, the negotiated plea was worked out between appellant's father, appellant's retained counsel and the prosecuting officials with appellant's approval. Appellant argues that he was not advised concerning the nature of the charges against him nor the possible consequences. As previously discussed, this was refuted. Appellant next argues that he pleaded guilty with the understanding that he would be paroled after seven years. Again his attorney contradicted this understanding. He only advised the appellant that a commutation was possible and he would assist him in getting a commutation of the sentence and a parole after seven years. He did not assure him that commutation and parole would happen.

Appellant further argues that his attorney never questioned him about the facts of the case and made an insufficient investigation with reference to the facs. However, his attorney testified that he talked to appellant about all the facts appellant knew and he also learned other facts as to what transpired at the scene of the crime from appellant's father and the police. After investigating the facts, appellant's attorney was of the opinion that a jury could find aggravating circumstances upon a trial of the capital felony charge, and this was the basis for his recommendation of a guilty plea in return for life imprisonment. A defense counsel has a broad latitude in exercising his judgment in his client's behalf. *Leasure* v. *State*, *supra*. Here his retained counsel has had forty years' experience in the practice of law, which included the prosecution and defense of capital murder cases. Certainly, appellant has not demonstrated he was denied effective assistance of counsel.

Finally, appellant argues that, pending his appeal from denial of his postconviction petition, he was denied bail in violation of Ark. Stat. Ann. § 43-2714 (Repl. 1977). This statute provides that on appeal to this court in criminal cases, the defendant shall be permitted bail in all cases except a

capital offense. We hold that § 43-2714 provides for the defendant's right to bail on direct appeal and not on a collateral attack, as here, of his conviction. See also Rule 36.13.

Affirmed.

We agree: HARRIS, C.J., and FOGLEMAN and BYRD, JJ.