364 So.2d 683 (1978)
Peggy Jean THOMPSON
v.
STATE.
8 Div. 672.
Court of Criminal Appeals of Alabama.
July 25, 1978.
Rehearing Denied August 29, 1978.
Earl E. Cloud, Huntsville, for appellant.
William J. Baxley, Atty. Gen., and James F. Hampton and G. Daniel Evans, Asst. Attys. Gen., for the State, appellee.

AFTER REMANDMENT
BOWEN, Judge.
In compliance with our opinion and order suspending the judgment of conviction and remanding this case to the trial court with directions, the trial court submitted to a jury the issue of the competency of the appellant to stand trial.
The manner in which the proceedings were conducted and the issues framed and presented by the trial judge and both counsel for the defense and the prosecution was admirable and commendable.
The jury found that the appellant was competent to stand trial at the time of her trial on March 18, 1975. While there appears to be no question that the appellant was (and is) suffering from amnesia concerning the events that occurred at the time of the homicide, there was ample evidence that the appellant was able to comprehend her position as one accused of murder, was fully capable of understanding the gravity of the criminal proceedings against her, and was able to cooperate with her counsel in making a rational defense except to the extent that she could not remember anything about the homicide.
All the state's evidence against the appellant was circumstantial and of a physical nature; it did not rest on the testimony of any eyewitness or upon statements attributed to the appellant. Prior to trial there was an offer of disclosure of some evidence made by the state to defense counsel.
Under almost identical factual situations the accused has been held competent to stand trial and that trial would not violate his right to due process. Arizona v. McClendon, 103 Ariz. 105, 437 P.2d 421 (1968); Commonwealth ex rel. Cummins v. Price, 421 Pa. 396, 218 A.2d 758, cert. denied, 385 U.S. 869, 87 S.Ct. 136, 17 L.Ed.2d 96 (1966).
In this state the rule was most recently expressed in the case of Davis v. State, 354 So.2d 334 at 339 (Ala.Cr.App.1978).
"Even if appellant did not in fact remember the details of the crime, he would still be competent to stand trial. Amnesia concerning the crime does not bar prosecution. A contrary rule would unduly hamper the State's interest in the prosecution of violators of its criminal laws and jeopardize the safety and security of other citizens. We here and now reject the notion that amnesia, standing alone and absent the three factors above mentioned,[1] *684 constitutes incompetency to stand trial."
An annotation on the subject of amnesia as affecting capacity to commit crime or stand trial may be found at 46 A.L.R.3d 544 (1972).
"In determining a defendant's capacity to stand trial, the test is whether he has the capacity to comprehend his position, to understand the nature and object of the proceedings against him, to conduct his defense in a rational manner, and to cooperate with his counsel to the end that any available defense may be interposed.
"An important factor in determining the capacity of a defendant to stand trial is the defendant's mental ability to render to his counsel such assistance as to make possible a proper defense. While the defendant's ability to recall events so that he can furnish facts to his counsel is important, all of the cases in this annotation dealing with capacity to stand trial have recognized, either expressly or by necessary implication, that the amnesia of a defendant does not per se render him incapable of standing trial or of receiving a fair trial."
46 A.L.R.3d at 552, 553.
The Pennsylvania Supreme Court has held that it would not be a violation of the defendant's constitutional rights to stand trial, even though he was suffering from amnesia and all the evidence against him was circumstantial.
"This defendant (we repeat) is able to comprehend his position as one accused of murder, is fully capable of understanding the gravity of the criminal proceedings against him, and is as able to cooperate with his counsel in making a rational defense as is any defendant who alleges that at the time of the crime he was insane or very intoxicated or completely drugged, or a defendant whose mind allegedly went blank or who blacked out or who panicked and contends or testifies that he does not remember anything."
* * * * * *
"If in fact the condition of amnesia is permanent, defendant's contention (1) would require Courts to hold that such amnesia will permanently, completely and absolutely negate all criminal responsibility and (2) will turn over the determination of crime and criminal liability to psychiatrists, whose opinions are usually based in large part upon defendant's selfserving statements, instead of to Courts and juries, and (3) will greatly jeopardize the safety and security of law-abiding citizens and render the protection of Society from crime and criminals far more difficult than ever before in modern history.
"Unless an accused is legally insane, the law is not and should not be so unrealistic and foolish as to permanently free, without acquittal by a Judge or a jury, a person against whom a prima facie case of murder is made out."
(Emphasis in original.)

Commonwealth ex rel. Cummins v. Price, 421 Pa. 396, 218 A.2d 758 at 763, cert. denied, 385 U.S. 869, 87 S.Ct. 136, 176 L.Ed.2d 96 (1966).
In finding that lack of memory is an inadequate ground for holding a defendant incompetent to stand trial, the United States Court of Appeals for the Seventh Circuit commented on the plight of the amnesiac.
"In his plight the amnesiac differs very little from an accused who was home alone, asleep in bed, at the time of the crime or from a defendant whose only witnesses die or disappear before trial. Furthermore, courts, of necessity, must decide guilt or innocence on the basis of available facts even where those facts are known to be incomplete, and the amnesiac's loss of memory differs only in degree from that experienced by every defendant, witness, attorney, judge, and venireman. How much worse off is a generally amnesiac defendant on trial for murder, *685 for example, than one who remembers all but the dispositive fact: who struck the first blow?"
* * * * * *
"If a defendant is permanently amnesiac, furthermore, there will be no time in the future when the court can secure the benefit of his version of the facts. The choice facing the court would therefore be that of proceeding to adjudicate the defendant's guilt or innocence on the basis of incomplete data or abandoning the adjudicatory process altogether. Note, Amnesia: A Case Study in the Limits of Particular Justice, 71 Yale L.J. 109, 128-29 (1961)."

United States v. Stephens, 461 F.2d 317 at 320 (7th Circuit), cert. denied, 409 U.S. 948, 93 S.Ct. 292, 34 L.Ed.2d 218 (1972).
Therefore, we hold that the fact that the appellant suffered amnesia as to the commission of the crime does not render her incompetent to stand trial. The evidence supports the finding of the jury and the well settled law commands this result.
In view of the foregoing considerations and our previous opinion, the judgment of conviction and sentence appealed from should be affirmed.
AFFIRMED.
All Judges concur.

ON REHEARING
BOWEN, Judge.
Because of the arguments presented by the appellant on application for rehearing, an extension of our opinion is warranted. The sole issue to be determined in considering the application for rehearing, as in our initial opinion, is whether the appellant's inability to recall the facts of the event for which she was charged rendered her incompetent to stand trial as a matter of law. We hold that it does not.
The United States Supreme Court in Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 789, 4 L.Ed.2d 824, 825 (1960), stated that the test for determining a defendant's competency to stand trial was "`whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him'". Courts continue to rely on this standard for determining competency. Deason v. State, Ark., 562 S.W.2d 79 (1978). This court, too, recognizes and relies on the Dusky standard. Edgerson v. State, 53 Ala. App. 581, 586, 302 So.2d 556, 560 (1974).
The New York Court of Appeals in interpreting the New York statute [1] concerning competency in the light of Dusky held that a defendant suffering from persisting amnesia would be found incompetent only in the situation where he had a "current inability to comprehend, or at least a severe impairment to that mental state", and could not "with a modicum of intelligence assist counsel". People v. Francabandera, 33 N.Y.2d 429, 435-36, 354 N.Y.S.2d 609, 613-14, 310 N.E.2d 292, 295 (1974) (emphasis added). The Court specifically rejected defendant's argument that no person can assist in his own defense, or, no lawyer can properly represent a client who is unable to furnish facts concerning the event charged against him. 354 N.Y.S.2d at 609, 310 N.E.2d at 292.
In Dusky, just as in the case at bar, a competency hearing was ordered to determine defendant's present competency to stand trial, not to determine defendant's ability to recall facts concerning the events of the crime and relate them to his lawyer. Due process of law requires this separate hearing. Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966).
Due process of law was afforded appellant at her competency hearing. Psychiatric testimony produced at this hearing was sufficient to indicate that the Dusky standard has been complied with.
*686 Dr. Harry Kinnane, a psychiatrist, testified on direct examination: "I think she could comprehend her position to the extent that she was in a courtroom, that she was being tried for murder of her husband." And later on cross examination:
"Q. So she understood the nature of the proceedings against her?
"A. I would say so.
"Q. And she could have a rational and factional (sic) understanding of what was going on in that room?
"A. Yes, sir.
"Q. The only thing you are saying is that she couldn't remember that period of time that is blocked out?
"A. That's correct.
"Q. She is a perfectly competent person except that she don't (sic) remember what happened for some weeks surrounding May 17th, 1974?
"A. Yes."
Another psychologist, Dr. Roger Rinn, testified on cross examination.
"Q. All right, I will ask you presently if she is able to participate of the conduct of her defense in this matter in a rational manner such as she has been to see you?
"A. Yes."
* * * * * *
"Q. And talk to her lawyer about what happened and conveyed to him the proceedings that went on in these tests if he asked her about it?
"A. I guess so."
Appellant's ability to remember and relate facts concerning the experiences of her life after her release from the hospital was uncontradicted.
Other jurisdictions have relied on psychiatric examinations and evaluations to determine whether the defendant could understand the charge, whether he could understand what was going on at trial, whether he was capable of talking to his attorney about the proceedings and whether the defendant could discuss the charge with his attorney sufficiently to make his defense. State v. Willard, 292 N.C. 567, 234 S.E.2d 587 (1977); People v. Soto, 68 Misc.2d 629, 327 N.Y.S.2d 669 (1972); Jackson v. State, 548 S.W.2d 685 (Tex.Crim.App.1977). A defendant may be found incompetent to stand trial at one point in time due to his inability to assist counsel in his own defense, and later be adjudged competent if he can understand the charges, the events of the crime can be constructed from information given him from other sources, and he can follow the course of the proceedings against him and discuss them with his attorney, even though an independent recollection of the events of the crime can never be had by the defendant himself due to permanent amnesia. United States v. Wilson, 263 F.Supp. 528, 530 (D.D.C.1966).
A defendant's ability to understand the factual proceedings as discussed in Dusky refers to his capacity to understand the trial proceedings and his ability to consult with his attorney in a rational manner, not the defendant's capacity to understand or recall the factual events of the crime itself. Indeed, it is contradictory to suggest that a defendant could simultaneously understand the factual proceedings of the crime as it happened and have amnesia regarding those same events.
The North Carolina Court in State v. Willard, 292 N.C. 567, 234 S.E.2d 587 (1977), held that a defendant's amnesia concerning the events of the crime would not prevent him from comprehending his position and understanding the nature of the proceedings against him, it being realized that the defendant's available defenses would be limited if he was unable to recall the events of the crime. "We do not believe this fact alone renders him incompetent to stand trial or denies him a fair trial. . . ." 234 S.E.2d at 593. Again, the Massachusetts Court in Commonwealth v. Hubbard, Mass., 355 N.E.2d 469, 476 (1976), applying the Dusky standard found the defendant competent to stand trial, even though he had no memory of the crime in question, because he was able to consult with his lawyer about the pending charges, to understand what the trial involved and what its consequences might be, and to make intelligent decisions on the options available. In State *687 v. Gardner, 534 S.W.2d 284, 289 (Mo.App. 1976), the Missouri Court stated that "if a defendant has, in fact, developed an amnesia preventing his recollection of the day or days in question, this would not constitute a defense if defendant has sufficient present ability to consult with defending counsel with a reasonable degree of rational understanding and is possessed of a factual understanding of the proceedings against him". Cases in accord from other jurisdictions are: Fajeriak v. State, 520 P.2d 795 (Alaska 1974); Reagan v. State, 253 Ind. 143, 251 N.E.2d 829 (1969); State v. Pugh, 117 N.J.Super. 26, 283 A.2d 537 (1971).
In no case yet reported has it been held that inability to recall the events constituting the crime charged because of amnesia constitutes mental incapacity to stand trial. United States ex rel Parson v. Anderson, 354 F.Supp. 1060, 1071 (D.Del.1972); People v. Francabandera, 33 N.Y.2d 429, 436, 354 N.Y.S.2d 609, 614, 310 N.E.2d 292 (1974); Jackson v. State, 548 S.W.2d 685, 691 (Tex. Crim.App.1977); 46 A.L.R.3d 544.
Recently, in Commonwealth v. Barry, 476 Pa. 602, 383 A.2d 526 (1978), a case similar to the one before us in that the appellant's amnesia was caused by a gunshot wound to the head and the absence of eyewitness testimony, the Supreme Court of Pennsylvania reaffirmed the position it took in Commonwealth ex rel Cummins v. Price, 421 Pa. 396, 218 A.2d 758 (1966), by holding that the appellant's amnesia did not deny him effective assistance of counsel nor the opportunity to present a defense.
We commend counsel for his vigorous and through representation of the appellant and understand his concern for the defendant who cannot recall the events constituting the crime charged. However the present state of the law authorizes but one conclusion. For the above reasons this application for rehearing is due to be overruled.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
NOTES
[1] "Three factors are to be considered by the trial court in evaluating an accused's competency to stand trial, (1) the existence of a history of irrational behavior, (2) prior medical opinion, and (3) accused's demeanor at trial." Davis, 354 So.2d at 338.
[1] "`Incapacitated person' means a defendant who as a result of mental disease or defect lacks capacity to understand the proceedings against him or to assist in his own defense." N.Y.Crim.Proc.Law, § 730.10(1) (McKinney 1971).