Larry LIPSCOMB, a/k/a Thaddeus WILLIAMS,
*v.* STATE of Arkansas

CR 80-9                                    609 S.W. 2d 15
Supreme Court of Arkansas
Opinion delivered December 8, 1980

*A. Wayne Davis*, for appellant.

*Steve Clark*, Atty. Gen., by: *Arnold M. Jochums*, Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was convicted by a jury of aggravated robbery and sentenced to 15 years imprisonment.

Appellant first asserts the trial court erred in not making a pretrial determination of his fitness to proceed to trial. Although the court held a pretrial hearing on appellant's motion contesting his competency to stand trial, at its conclusion the court stated he was taking the motion under advisement, the defense counsel could renew it at "an appropriate time, whenever you think it is necessary in the trial", and he would rule on it. There was no objection to this procedure. At the close of all the evidence before the jury, the appellant renewed his motion for a ruling as to appellant's fitness to stand trial, which the court denied.

Ark. Stat. Ann. § 41-606 (Repl. 197) provides:

If the defendant's fitness to proceed becomes an issue, it shall be determined by the court. If neither party contests the finding of the report filed pursuant to section 605 [§ 41-605], the court may make the determination on the basis of the report. If the finding is contested, the court shall hold a hearing on the issue.

The proper procedure is for the trial court to make a decision at the time the issue is raised. *Westbrook* v. *State*, 265 Ark. 736, 580 S.W. 2d 702 (1979); and *Gruzen* v. *State*, 267 Ark. 380, 591 S.W. 2d 342 (1979). These cases hold that it is the duty of the trial court to make a determination of a defendant's fitness to proceed to trial when it becomes an issue, and it is reversible error to leave the matter for the jury's determination. In those cases the court made no ruling and left the issue to the jury to decide. Here, without objection, the court deferred the requested ruling on appellant's fitness to proceed to trial and

later did make an independent one when appellant's counsel renewed his motion. In the circumstances, appellant has not demonstrated reversible error.

Appellant next contends that the trial court was wrong in failing to find him incompetent to stand trial. It appears appellant had been committed to the Missouri State Hospital in 1975 and in 1978 he left there without authorizaion. He came to Arkansas and shortly thereafter committed the alleged offense. Following formal charges, he was committed to our Arkansas State Hospital for a mental examination based upon his affirmative defense of insanity. The officials there advised the court that he was emotionally ill, suffering from schizophrenia, paranoid type. Two months later, the state hospital rendered an additional opinion to the effect that appellant had recovered from his previously diagnosed mental illness and was fit to proceed, being able to understand the charges against him and to assist his attorney in his defense. Contrary to this report, appellant adduced evidence, at the competency hearing, from a Missouri State Hospital psychiatrist that he was mentally incapable of understanding the proceedings against him and was unable to assist effectively in his own defense. An affidavit by appellant's counsel and appellant's testimony were to the same effect.

There is presumption of competence to stand trial, and the burden of proof of incompetence is on the defendant. *Deason* v. *State*, 263 Ark. 56, 562 S.W. 2d 79 (1978). There we also said: "The test of competence to stand trial is whether an accused 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him.' " The trial court's decision on competency requires an evaluation of the weight to be given the testimony, particularly when expert opinions are involved. The evidence was in conflict as to appellant's competency to stand trial, and we cannot say there is insufficient evidence to uphold the court's finding.

Appellant's next contention is that the trial court erred in giving the state's requested instruction on insane delusions. There was evidence that appellant experienced

some delusions; for instance, "voices" told him he would marry Diana Ross, a noted singer, if he did certain things, such as the alleged offense, and if he did various other things, he would not marry her. The state requested and the court gave the following instruction:

> The existence of an insane delusion is a defense to a crime only when the imaginary state of facts, if real, would justify or excuse the crime.

The appellant objected that "insane delusions" had not been raised as a defense and, furthermore, the instruction was taken from old cases and had no application to present law. The state relies on *Bolling* v. *State*, 54 Ark. 588, 16 S.W. 658 (1891); and *Smith* v. *State*, 55 Ark. 259, 18 S.W. 237 (1891), in support of this instruction. However, even in these cases, decided under prior law, we disapproved giving this instruction without guidance to the jury as to what would justify or excuse the crime. Here the court gave AMCI 4009, which is phrased in the language Ark. Stat. Ann. § 41-601 (Repl. 1977). That instruction reads:

> A person is not criminally responsible for his conduct if at the time of that conduct, as a result of mental disease or mental defect, he lacked the capacity either to appreciate the criminility of his conduct or to conform his conduct to the requirements of law.

This statute, drawn from the Model Penal Code, replaces the former test of insanity in Arkansas, which was essentially the M'Naghten test. According to the commentary, its purpose "was to expand M'Naghten to include the "irresistible impulse' theory, represented by the third-prong of the test in *Bell* v. *State*, [120 Ark. 553, 180 S.W. 195 (1919]. Section 41-601 (1) achieves the same effect through the use of the language 'to conform his conduct to the requirements of the law.' "

In our view this recent statute is complete in setting out the tests to be applied in determining if a defendant is not guilty by reason of insanity and replaces the prior law on the subject. The test is whether or not the defendant could (1)

conform his conduct to the law or (2) appreciate the criminality of his conduct. If a defendant was suffering from delusions at the time he committed the crime, these tests are sufficiently applicable. The insane delusion instruction is not in conformity with our present law, and we hold giving it constituted reversible error.

The appellant also contends the trial court erred in refusing to give his requested instruction on mental disease or defect. The court gave AMCI 4009, *supra*. Appellant's requested instruction, however, added certain definitions as well as the three-pronged M'Naghten test formerly applied. He argues the jury was not given a complete definition of "mental disease or defect" nor of the word "appreciate" as used in the statute and the instruction, which was prejudicial to his defense particularly when considered in conjunction with the state's instruction on insane delusions. As indicated, we have disapproved that instruction. Further, the instruction given, AMCI 4009, correctly recites the law as it relates to the defense of insanity. The court is not required to instruct the jury in every possible manner. *Cobb* v. *State*, 265 Ark. 527, 579 S.W. 2d 612 (1979). Furthermore, an AMCI instruction is the proper instruction to be given unless the trial judge finds it does not accurately state the law, as stated in our *per curiam* order of January 29, 1979. See *Conley* v. *State*, 270 Ark. 886, 603 S.W. 2d 415 (1980).

Finally, appellant contends the trial court erred in denying his motion for a continuance to allow him to procure the presence of an expert witness. In view of reversal, it becomes unnecessary to reach this issue.

Reversed and remanded.