Ricky RECTOR *v.* STATE of Arkansas

CR 82-36                                    638 S.W.2d 672

Supreme Court of Arkansas
Opinion delivered September 13, 1982

*Ron Heller* of *Kaplan, Hollingsworth & Brewer, P.A.*, for appellant.

*Steve Clark*, Atty. Gen., by: *William C. Mann, III*, Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. Ricky Rector argues two grounds for reversal in appealing from a verdict and judgment sentencing him to life imprisonment for the first-degree murder of Arthur Criswell. Neither contention is meritorious.

First, trial counsel filed a pre-trial motion asking the court to find Rector mentally incompetent to stand trial as a result of brain injury caused by Rector's having shot himself some time after he killed Criswell. At the hearing on the motion the expert testimony was in conflict. The defense witnesses testified that Rector's brain injury caused retrograde amnesia, so that he could not remember either having shot himself or having committed the crime now on trial and other felonies at about the same time. Those witnesses considered Rector to be unable to understand the issues to be tried and to assist his counsel in his own defense. For the State the expert witnesses testified essentially to the contrary, with Dr. Hamed expressing the opinion that Rector was lying about his loss of memory, that he was competent to stand trial, and that he could cooperate with his counsel when he decided to do so. With the evidence hopelessly in conflict upon an issue of fact, it cannot be said that the trial judge's conclusion is clearly erroneous. The trial judge apparently accepted the claim of amnesia, but he correctly pointed out that amnesia is not an adequate ground for holding a defendant incompetent to stand trial. *Deason v. State*, 263 Ark. 56, 562 S.W.2d 79 (1978).

Second, it is argued that the trial judge should have excused the juror Larry James for cause. James at first said that from earlier news accounts he had probably formed an opinion that Rector might be guilty, but his voir dire examination concluded in this way:

The Court: Mr. James, could you, if you were selected as a juror, and would you, if you were selected as a juror, set aside any opinion you might have at this time and listen to the testimony presented here and the evidence introduced into court and make your decision solely on what you have heard in the courtroom during the trial?

Juror James: I would try to.

The Court: He's all right.

Q [by defense counsel]: You sure you could do that?

A (No verbal response)

Defense counsel: I ask he be struck again, your Honor.

The Court: He nodded in the affirmative. . . . No, he's all right.

Thus the trial court found that the juror, by nodding in the affirmative, asserted his ability to lay aside his impressions and render a verdict based upon the evidence in court. The juror was therefore qualified. *Swindler* v. *State,* 267 Ark. 418, 592 S.W.2d 91 (1979), cert. denied 449 U.S. 1057 (1980). We note the remote possibility that the juror might have understood defense counsel's final question to refer to the juror's ability *to try* to lay aside his opinion rather than his ability to do so, but such an inquiry by defense counsel would have been so utterly pointless that we have no doubt the trial judge was right in denying the challenge for cause.

We find no error in the two points argued or in the other rulings that have been presented in the briefs.

Affirmed.