Steven Tyrone HARDAWAY *v.* STATE of Arkansas

CR 95-100 906 S.W.2d 288

Supreme Court of Arkansas
Opinion delivered September 25, 1995

*Denny Hyslip*, for appellant.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was charged in the Washington County Circuit Court with kidnapping two teenaged girls and committing the crime of rape against both of them. The proof showed that he kidnapped the girls in Washington County, committed rape against both of them in Washington County, committed rape against one of them in another county, and took them across the state line into Memphis. A parallel prosecution was commenced in Federal District Court because of the interstate aspect of the crimes. Appellant was convicted on each of the four counts charged in circuit court. We affirm.

Appellant's first assignment is the trial court erred in refusing to order an additional psychiatric examination. The facts giving rise to the argument are as follows. On October 27, 1993, shortly after appellant was arrested, the trial court ordered that a psychological evaluation of appellant be conducted at the Ozark Guidance Center. On November 4, 1993, Dr. Edwin C. Jones of the Ozark Guidance Center reported that he attempted to conduct the evaluation, but appellant would not participate; therefore, he was unable to complete the evaluation.

Appellant's attorney requested a further evaluation. On December 10, 1993, at a hearing on the attorney's request, the attorney stated that he made the request because appellant refused to talk to him. Appellant's attorney said that he discussed the problem with the attorney who represented appellant in the parallel federal case, and learned that appellant would talk to that attorney. The trial judge attempted to question appellant, but appellant would not respond with any kind of statement. He would answer only "yes or no" to questions. Responding in this way to questioning, appellant informed the court that he did not intend to rely on the defense of mental disease or defect and that he did

not want an evaluation at the Arkansas State Hospital. The trial court noted that appellant had communicated with the court on other occasions, but was choosing not to do so at the time, and denied the request for further evaluation. Appellant's attorney disclosed to the trial court that appellant said that he had been evaluated elsewhere and that one of the attorney's partners represented appellant in the past and they did not have a communication problem. The trial judge concluded the hearing by asking appellant whether there was anything he needed to tell the judge about his situation, to which appellant answered, "nope."

The trial court set the case for trial. After voir dire, but before opening statements, appellant's attorney renewed the motion to have appellant evaluated because appellant would not speak to him. The trial judge reiterated his prior ruling and asked if an evaluation had been conducted in the parallel federal case. The State offered the psychological examination from the federal court. It was admitted without objection.

That report stated that appellant was observed from April 22, 1994 to May 23, 1994, that the medical staff obtained a medical history from appellant, and that the medical staff completed a routine physical examination of appellant. The evaluation also took into consideration the federal indictment and order of evaluation, Memphis Police Department investigative materials, F.B.I. investigative materials, medical records from the Arkansas State Prison, log reports from the Washington County Sheriff's Department, the transcript of a court hearing on March 14, 1994, and a Pretrial Service Report dated July 23, 1993. The evaluation included a personal history, accounts of the alleged offense according to the prosecution and the defendant, an account of appellant's behavior since the time of his arrest, a summary of behavioral observation during the evaluation, a statement that appellant refused to complete any psychological tests, a summary of medical issues, a summary of appellant's previous diagnosis of psychotic disorder and the reason that diagnosis was suspect, and a diagnosis of malingering, antisocial personality disorder, and possible sickle cell trait. The report included an opinion by the psychologist that appellant's behavior reflected willful misconduct and there was no reason to believe he was incompetent to plead guilty or to participate in a trial. It was the psychologist's opinion that appellant was aware of the nature and potential con-

sequences of the charges against him and was able to assist his attorney. The report stated that appellant was aware of the wrongfulness of his conduct at the time of the crime. After considering the extensive report, the trial court ordered the cases to proceed without an additional evaluation.

■ Appellant's first assignment is that the trial court erred in ordering the case to trial without additional psychiatric evaluation. Appellant filed neither a notice that he intended to rely on the defense of mental disease or defect nor a notice that he would put his fitness to proceed into issue. *See* Ark. Code Ann. § 5-2-305(a)(1) - (2) (Repl. 1993). When neither of these notices is given to the trial court, we will affirm an order setting a case for trial without a psychiatric examination unless the trial court had reason to believe that mental disease or fitness might become an issue. *Hudson* v. *State*, 303 Ark. 640-A, 801 S.W.2d 48 (1991) (supplemental opinion denying rehearing); *see also Hudson* v. *State*, 303 Ark. 637, 799 S.W.2d 529 (1990). We apply the "clearly erroneous" standard in reviewing the trial court's determination of this issue. *Hudson*, 303 Ark. at 640-B, 801 S.W.2d at 48.

■ The trial court's ruling was not clearly erroneous. Appellant refused to talk to counsel, but he communicated previously with the trial court and communicated with his attorney in federal district court. Thus, he apparently was capable of talking when he chose to so do. He responded negatively when asked by the trial court if he wished to be examined or if he wished to rely on the defense of mental defect or disease. The exhaustive psychiatric report prepared for the federal district court, and reviewed by the trial court before ordering the case to proceed to trial, concluded that appellant's behavior against the two victims reflected willful misbehavior and there was no reason to believe he was incompetent to participate in a trial. In sum, the trial court did not have reason to believe that mental disease or fitness to proceed were at issue and did not err in denying the request for further psychiatric evaluation.

■ Appellant next contends that the trial court committed prejudicial error in allowing one of the victims to testify that, on route to Memphis and outside the jurisdiction of the Washington County Circuit Court, appellant committed a second rape. We cannot reach the full argument because appellant failed to

abstract the allegedly prejudicial testimony concerning the second rape. Ark. Sup. Ct. R. 4-2(a)(6); *Coney* v. *State*, 319 Ark. 709, 894 S.W.2d 583 (1995). We reach only that part of the argument involving the initial evidentiary ruling. The testimony of the victim was relevant in determining whether appellant kidnapped the victims "for the purpose of terrorizing them and for engaging in sexual intercourse with them" as charged in the information. *See* Ark. Code Ann..§ 5-11-102(a)(4) - (5). Further, the trial court did not abuse its sound discretion in ruling that the probative value of the relevant evidence outweighed any danger of "unfair" prejudice. *See* A.R.E. Rule 403.

Affirmed.