Brouce HOLDEN *v.* STATE of Arkansas

CA CR 08-361                                                289 S.W.3d 125

Court of Appeals of Arkansas
Opinion delivered November 5, 2008

*Sharon Kiel,* for appellant.

*Dustin McDaniel,* Att'y Gen., by: *Valerie Glover Fortner,* Ass't Att'y Gen., for appellee.

ROBERT J. GLADWIN, Judge. Appellant Brouce Holden was convicted by a Lonoke County jury on September 20, 2007, of residential burglary, attempted arson, and violating a protection order. On appeal, he contends that the trial court abused its discretion in declining to order a mental-health evaluation pursuant to Arkansas Code Annotated section 5-2-305(a) (Supp. 2007). We affirm the trial court's ruling.

### Statement of Facts

On April 19, 2007, the State filed a felony information alleging appellant committed the offenses of residential burglary, criminal attempt to commit arson, criminal mischief in the second degree, and violation of a protection order. Trial was set for August 29 and 30, 2007. On August 20, 2007, a motion for continuance was filed by appellant based upon his hiring of private

counsel. This motion was granted, and the trial was reset for September 19, 2007.[1] Appellant's new counsel filed a motion for mental-health evaluation on September 17, 2007, pursuant to Arkansas Code Annotated section 5-2-305.

At the pretrial hearing held September 18, 2007, no testimony was heard. Appellant's counsel argued that he filed the motion for mental-health evaluation based upon a conversation he had had the previous day with appellant's mother, Vickie Nance. Ms. Nance was not present to testify, but counsel for appellant stated that Ms. Nance had indicated to him that appellant suffered from depression and periods of blackouts. Ms. Nance had questioned whether appellant was of sound mind. Defense counsel acknowledged that appellant had problems with alcohol and that appellant had a previous DWI, fourth-offense conviction. Appellant did not take the stand. The State's attorney stated that in his conversations with Ms. Nance, she indicated she had paid for appellant to have substance-abuse rehabilitation on more than one occasion, and she would like an explanation as to why her son would treat her in such a way for an extended period of time.

The State then stated it was ready for trial the following day. Defense counsel told the trial court that additional time would be useful to prepare for trial, and that he had a scheduling conflict. The trial court denied the motion for mental-health evaluation, stating that it did not find sufficient cause or reason for it to suspect that appellant had a mental disease or defect.

Following the trial, the jury acquitted appellant of criminal mischief, but found him guilty of residential burglary, criminal attempt to commit arson, and violating a protection order. He was sentenced to 360 months for each of the burglary and arson convictions and twelve months for violating the protective order. These sentences were ordered to run concurrently. Appellant filed a timely notice of appeal, and this appeal followed.

*Statement of Law*

It is well settled that the conviction of a defendant while he is legally incompetent to stand trial violates due process. *Lawrence v. State*, 39 Ark. App. 39, 839 S.W.2d 10 (1992). Arkansas Code

---

[1] The trial was continued from September 18, 2007, to September 19, 2007, in order to accommodate a pretrial hearing on appellant's motion for mental-health evaluation, which was held on September 18, 2007.

Annotated section 5-2-302 expressly prohibits trying a person who lacks the capacity to understand the proceedings against him or to assist effectively in his own defense because of mental disease or defect. A criminal defendant is ordinarily presumed to be mentally competent to stand trial, and the burden to prove otherwise is on the defendant. *Mask v. State*, 314 Ark. 25, 869 S.W.2d 1 (1993). The test of competency to stand trial is whether a defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational and factual understanding of the proceedings against him. *Haynes v. State*, 346 Ark. 388, 58 S.W.3d 336 (2001); *Lawrence, supra*.

When reviewing issues of statutory interpretation, the basic rule is to give effect to the intention of the legislature, making use of common sense, and assuming that when the legislature uses a word that has a fixed and commonly accepted meaning, the word at issue has been used in its fixed and commonly accepted sense. *Yamaha Motor Corp. v. Richard's Honda Yamaha*, 344 Ark. 44, 38 S.W.3d 356 (2001); *State v. Joshua*, 307 Ark. 79, 81, 818 S.W.2d 249, 250 (1991).

Arkansas Code Annotated section 5-2-305(a)(1) states that the trial court shall immediately suspend proceedings if the defendant files notice that he will put his fitness to proceed in issue or if there is otherwise reason to doubt the defendant's fitness to proceed. Use of the word "shall" makes compliance with a statute mandatory. *See Smith v. State*, 347 Ark. 277, 61 S.W.3d 168 (2001); *Middleton v. Lockhart*, 344 Ark. 572, 43 S.W.3d 113 (2001). Upon suspension of the proceedings, the trial court is required to enter an order directing a mental examination of the defendant under one of the means outlined in the statute. *See* Ark. Code Ann. § 5-2-305(b)(1). This statute is intended to prevent the trial of anyone who is legally incompetent. *Lawrence v. State, supra*. The trial court's determination of the issue is reviewed under the "clearly erroneous" standard. *Hardaway v. State*, 321 Ark. 576, 906 S.W.2d 288 (1995).

### Argument

Appellant contends that he put the trial court on notice on September 17, 2007, that his fitness was at issue and requested a mental-health evaluation and hearing pursuant to Arkansas Code Annotated section 5-2-305, which states in pertinent part as follows:

(a)(1) Subject to the provisions of §§ 5-2-304 and 5-2-311, the court shall immediately suspend any further proceedings in a prosecution if:

(A) A defendant charged in circuit court files notice that he or she intends to rely upon the defense of mental disease or defect;

(B) There is reason to believe that the mental disease or defect of the defendant will or has become an issue in the cause;

(C) A defendant charged in circuit court files notice that he or she will put in issue his or her fitness to proceed; or

(D) There is reason to doubt the defendant's fitness to proceed.

Ark. Code Ann. § 5-2-305(a)(1)(A)-(D).

Appellant contends that a plain review of the statutory language reflects a requirement of a mental-health evaluation upon proper notice. He maintains that at the pre-trial hearing held the day before trial, he asked for a mental evaluation. His counsel stated it was unclear whether appellant was unfit during the time of the alleged offense. He argues that our supreme court in *Smith v. Fox*, 358 Ark. 388, 193 S.W.3d 238 (2004), ruled that when a defendant requested a state mental evaluation, it was error for the lower court to deny that request based upon the fact that defendant had been previously given a federal mental evaluation some months earlier. Appellant maintains that the statutory language in section 5-2-305 is mandatory, not discretionary.

The State contends that the trial court need not order an evaluation where it has no reason to believe that a defendant's competency or a mental disease or defect will be an issue at trial. *See* Ark. Code Ann. § 5-2-305(a). Further, the State argues that Arkansas Code Annotated section 5-2-304(a) (Repl. 2006), requires that, when a defendant intends to raise mental disease or defect as a defense in a prosecution or puts in issue his fitness to proceed, the defendant shall notify the prosecutor and the court at the earliest practicable time. Appellant was declared indigent and appointed counsel on April 23, 2007. His appointed counsel represented him and received notice of the original jury-trial setting of August 29 and 30, 2007. Appellant moved to substitute private counsel on August 20, 2007, and that motion was granted. A continuance was also granted, and the trial date was moved to

September 18, 2007. On September 17, 2007, appellant filed his motion requesting a mental-health evaluation. The trial date was then moved to September 19, 2007, and a hearing on appellant's motion was held September 18, 2007. Thus, the State contends that appellant's filing of his motion for mental-health evaluation on September 17, 2007, was not the "earliest practicable time" as required by the statute.

The State argues that appellant, relying on *Smith v. Fox*, *supra*, contends that by simply filing notice pursuant to sections 5-2-304 and 305, the trial court had a duty to grant him a mental evaluation as a matter of law. However, in *Smith v. Fox*, Smith maintained that he suffered from a mental disease or defect from his plea and arraignment forward. He actively objected to the introduction of the federal evaluation and sought motions for reconsideration, continuances, and ultimately sought an extraordinary writ to address the matter. Appellant's circumstances herein are not comparable.

The State argues that there is nothing in this record to support the necessity of a mental evaluation except unsubstantiated statements of defense counsel based on one conversation with appellant's mother. The motion itself did not give notice of anything specific. In denying the motion, the trial court held that there was insufficient cause presented to suspect appellant suffered from a mental disease or defect. Faced with only a second-hand account of appellant's mental state, no explanation for the delay in filing, and the knowledge that defense counsel needed more time due to scheduling conflicts, we cannot say that the trial court's decision to deny appellant's request for mental evaluation was clearly erroneous.

Affirmed.

VAUGHT and HUNT, JJ., agree.