IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | OPINION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20100335-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (February 9, 2012) |
| Andrew C. Brooks, | ) | |
| | ) | 2012 UT App 34 |
| Defendant and Appellant. | ) | |

-----

Second District, Ogden Department, 091900574
The Honorable Ernest W. Jones

Attorneys:     Samuel P. Newton, Ogden, for Appellant
               Mark L. Shurtleff and Kenneth A. Bronston, Salt Lake City, for Appellee

-----

Before Judges Voros, Thorne, and Christiansen.

THORNE, Judge:

¶1     Andrew C. Brooks appeals from the district court's order revoking and
reinstating his probation and sentencing him to serve a minimum of ninety days in jail.
Brooks argues that the district court failed to conduct a hearing and make required
factual findings that he had willfully violated his probation.  He also argues that the
district court erred by denying him an adequate opportunity to speak in his own
defense and present mitigating evidence.  We affirm.

BACKGROUND

¶2      In 2009, Brooks pleaded guilty to one count of unlawful sexual activity with a minor, a third degree felony. *See generally* Utah Code Ann. § 76-5-401 (2008).  Brooks was sentenced to a suspended prison term of zero to five years, ordered to serve 101 days in jail, and placed on thirty-six months of probation to be supervised by Adult Probation and Parole (AP&P).  As part of his probation, Brooks was required to complete the Northern Utah Community Corrections Center (NUCCC) sex offender program.

¶3      On February 19, 2010, AP&P filed an affidavit with the district court alleging that Brooks had violated the terms of his probation.  The affidavit contained two general allegations of probation violations:  that Brooks had "failed to be cooperative and compliant in all dealings with [AP&P]" and had "failed to complete the [NUCCC] program as directed."  Both allegations were supported by the same probable cause statement.  The probable cause statement contained numerous factual allegations about Brooks's behavior, including drinking on the job, slapping coworkers on the buttocks, and bringing a cell phone with pornographic images and videos into the NUCCC.

¶4      On March 10, 2010, the district court held a hearing to determine whether Brooks had violated his probation.  Brooks appeared at the hearing with counsel and admitted the second of the two violations alleged by AP&P.  Brooks's counsel explained that the parties had reached a resolution whereby Brooks would admit the second alleged violation and the State would dismiss the first.  The district court confirmed with Brooks personally that this was what he wanted to do and that he was admitting to failing to complete the NUCCC program.  However, Brooks did not specifically admit that his violation was willful, nor did the district court make a finding to that effect.  Nevertheless, based on Brooks's admission, the district court found that he had violated his probation and set the matter for sentencing on March 24.

¶5      At the sentencing hearing, Brooks's counsel submitted letters from Brooks's doctor, employer, and two friends.  Brooks's counsel then stated, "I understand the recommendation is to revoke and restart.  We don't have an objection to that."  Brooks's counsel further acknowledged AP&P's recommendation that Brooks serve no less than

ninety days in jail,[1] but suggested that his ill mother needed him at home. Brooks's counsel suggested various modifications to the recommendation to facilitate that result, including the imposition of Group A sex offender conditions and a requirement that Brooks wear an ankle monitor. The district court then gave Brooks an opportunity to make a statement, and Brooks explained that he had "definitely made some mistakes and made some really poor choices" but was trying wholeheartedly to make a change and working very hard to do so. The State declined the district court's invitation to be heard and simply submitted the matter, presumably indicating that it concurred in AP&P's recommendation.

¶6     The district court then indicated that it had initially considered AP&P's recommendation to be "the old slap on the wrist" because of the court's impression that Brooks was "totally out of control." The court nevertheless questioned Brooks about various aspects of the factual allegations contained in the AP&P affidavit. The court's questions to Brooks clearly suggested displeasure with Brooks's actions. For example, after describing Brooks's possession of a cell phone with pornography on it, the district court stated that "you've got to be out of your mind to be on probation for a sex offense and have something like that in your possession," and asked Brooks, "[W]hat in the hell were you thinking about? How could you do this?" Notwithstanding the disapproving tone of the district court's questioning, Brooks was permitted to personally respond to each allegation.

¶7     Ultimately, the district court decided to "give AP&P another shot at it" and "revoke and restart [Brooks's] probation." The district court ordered Brooks to serve "a minimum of 90 days, not to exceed 365 in the Weber County Jail," with release to the NUCCC when program space became available after the mandatory ninety days of jail time. The district court gave Brooks credit for time served but denied him good time and work release. The district court also recommended the imposition of Group A sex offender conditions, including polygraph tests, and prohibited Brooks from accessing sexually explicit material or having contact with minors. Brooks appeals from the district court's order.

---

1. The exact source of the recommendation is not clear from the record, although it would appear to be AP&P's recommendation and we refer to it as such. We do note that AP&P's original recommendation, as reflected in its affidavit, was that Brooks serve no less that 180 days in jail prior to returning to treatment.

ISSUES AND STANDARDS OF REVIEW

¶8      Brooks argues that the district court could not revoke his probation without conducting a hearing and then making findings that Brooks had willfully violated the terms of that probation.  Brooks also argues that he was improperly denied the ability to present mitigating evidence.  An appellate court reviews the district court's decision to grant, modify, or revoke probation for abuse of discretion.  *See State v. Peterson*, 869 P.2d 989, 991 (Utah Ct. App. 1994).  Because Brooks failed to preserve these issues below, he raises them under the rubric of plain error and ineffective assistance of counsel.  *See generally State v. Weaver*, 2005 UT 49, ¶ 18, 122 P.3d 566 (identifying plain error and ineffective assistance of counsel as two exceptions to the preservation rule).


ANALYSIS

¶9      Brooks raises two arguments on appeal, and we begin by summarizing those arguments and the State's arguments in response.  We then determine whether either of Brooks's arguments establishes plain error by the district court or ineffective assistance by Brooks's counsel.

¶10      Brooks's first argument is that the district court erred by revoking and restarting his probation without first holding a hearing to determine whether Brooks had violated his existing probation terms and then making factual findings supporting that determination.  Brooks argues that Utah Code section 77-18-1 sets out differing requirements depending on whether probation is revoked or merely modified or extended.  Specifically, section 77-18-1(12)(a)(ii) states, "Probation may not be *revoked* except upon a hearing in court and a finding that the conditions of probation have been violated."  Utah Code Ann. § 77-18-1(12)(a)(ii) (Supp. 2011) (emphasis added).  By contrast, section 77-18-1(12)(a)(i) allows probation to be *modified or extended* "upon waiver of a hearing by the probationer or upon a hearing and a finding in court that the probationer has violated the conditions of probation."  *See id.* § 77-18-1(12)(a)(i).  Section 77-18-1(12)(e) further provides, "After the hearing the court shall make findings of fact," and "[u]pon a finding that the defendant violated the conditions of [his] probation, the court may order the probation revoked, modified, continued, or that the entire probation term commence anew."  *Id.* § 77-18-1(12)(e)(i)–(ii).

¶11     Reading these provisions together, Brooks argues that the district court was statutorily required to conduct a hearing and then make factual findings prior to revoking his probation and that he could not waive these requirements.[2] Brooks additionally argues that his probation may not be revoked without a finding that his violation was willful. *See generally State v. Maestas*, 2000 UT App 22, ¶ 24, 997 P.2d 314 ("'[I]n order for a trial court to revoke probation based on a probation violation, the court must determine by a preponderance of the evidence that the violation was willful.'" (citation omitted)). In light of these requirements, Brooks argues that his admission to violating his probation at the March 10, 2010 hearing was not a sufficient basis upon which to revoke his probation and that the district court erroneously failed to make a factual finding that his probation violation had been willful.

¶12     The State responds by challenging Brooks's characterization of the district court's order as one revoking his probation. Despite the language employed by the district court—"revoke and restart"—the State argues that the practical effect of the district court's order was to modify and extend Brooks's probation, not revoke it. The State relies on Utah Code section 77-18-1(12)(e)(iii) to support its position that revocation only occurs when a defendant is taken off probation altogether and the sentence for the defendant's original conviction is imposed. *See* Utah Code Ann. § 77-18-1(12)(e)(iii) ("If probation is revoked, the defendant shall be sentenced or the sentence previously imposed shall be executed."). The State further contends that if the district court's order was a revocation requiring a finding of willful violation, the required degree of willfulness is merely Brooks's failure to make bona fide efforts to comply with the conditions of his probation. *See generally Maestas*, 2000 UT App 22, ¶ 24 ("[A] finding of willfulness 'merely requires a finding that the probationer did not make bona fide efforts to meet the conditions of his probation.'" (alteration in original) (citation omitted)). The State argues that the district court's oral comments at Brooks's sentencing hearing readily establish that his admitted violation resulted from his failure to make bona fide efforts to comply with probation and was therefore willful.

---

2. Brooks reasons that because Utah Code section 77-18-1(12)(a)(i) expressly allows for the waiver of a hearing and findings prior to the modification or extension of probation, section 77-18-1(12)(a)(ii)'s lack of a waiver provision precludes a defendant from waiving those requirements when probation is to be revoked.

¶13    Brooks's second argument is that he was improperly denied the opportunity to speak and present mitigating evidence at the sentencing hearing. *See generally* Utah R. Crim. P. 22(a) ("Before imposing sentence the court shall afford the defendant an opportunity to make a statement and to present any information in mitigation of punishment . . . ."). Brooks argues that the district court was required to affirmatively offer him the opportunity to speak and present mitigating evidence, but it failed to do so. *See generally State v. Wanosik*, 2003 UT 46, ¶ 23, 79 P.3d 937 ("A simple verbal invitation or question will suffice, but it is the court which is responsible for raising the matter."). According to Brooks, "the court just made several long speeches about how horrendous [his] conduct was, without giving him an opportunity to address those concerns." The State argues in opposition that the record demonstrates that Brooks was given ample opportunity to speak and respond to the district court's concerns as expressed at the sentencing hearing.

¶14    Having identified the arguments before us, we turn to the question of whether Brooks has identified either plain error by the district court or ineffective assistance by his counsel. In order to demonstrate plain error, a defendant must establish that (1) the district court erred, (2) the error should have been obvious to the district court, and (3) the error was harmful. *See State v. Holgate*, 2000 UT 74, ¶ 13, 10 P.3d 346. However, review under the plain error doctrine is not available when counsel invites the error by affirmatively representing to the district court that there is no objection to the proceedings. *See State v. Cooper*, 2011 UT App 234, ¶¶ 9–11, 261 P.3d 653. Alternatively, "[t]o establish ineffective assistance of counsel, [a defendant] must meet the heavy burden of showing that (1) trial counsel rendered deficient performance which fell below an objective standard of reasonable professional judgment, and (2) counsel's deficient performance prejudiced [the defendant]." *State v. Chacon*, 962 P.2d 48, 50 (Utah 1998).

¶15    Neither of Brooks's arguments convince us that the district court committed plain error. As to Brooks's first argument, we need not decide whether the district court's decision to "revoke and restart" his probation triggered an unwaivable requirement of a hearing and finding of a willful violation by Brooks. *See generally* Utah Code Ann. § 77-18-1(12)(a)(i)–(ii). Assuming for the sake of argument that it did, it appears that the district court adequately complied with those requirements. The district court did hold a violation hearing, at which Brooks appeared and admitted to violating his probation. Based on Brooks's admission, the district court made a factual

finding that Brooks had violated his probation. Finally, as to the requirement of a specific willfulness finding, we agree with the State that the district court's sentencing comments represent an implicit finding of willful behavior by Brooks.[3] However, in any event, plain error review is precluded here by Brooks's counsel's affirmative representation to the district court that he had no objection to AP&P's recommendation that Brooks's probation be revoked and restarted. *See generally Cooper*, 2011 UT App 234, ¶¶ 9–11 (discussing invited error).

¶16    As to Brooks's second argument, we agree with the State that the district court presented Brooks with an adequate opportunity to be heard and to present mitigating evidence at the sentencing hearing. The hearing transcript indicates that Brooks's counsel presented the district court with letters from Brooks's doctor, employer, and two friends.[4] Brooks's counsel then made a short argument on Brooks's behalf, after which the district court affirmatively asked, "Mr. Brooks, anything you wanted to say?" The district court then allowed Brooks to make a personal response, which the court did not interrupt or cut off. Further, as the district court went through the factual allegations underlying the admitted violation, Brooks was allowed to speak in response to each allegation.[5] Brooks also fails on appeal to identify any mitigating evidence that the district court allegedly should have considered but did not. *Cf. State v. Baker*, 2008 UT App 8, ¶ 5 n.1, 176 P.3d 493 (mem.) ("Defendant did not identify what potentially mitigating evidence—not already before the trial court—a psychosexual evaluation would have revealed that might have affected the trial court's decision . . . ."). We conclude that the district court did not improperly restrict Brooks's ability to speak or

---

3. In particular, the district court's comment that "I don't think there's anything genuine about your effort here to try to change your life or try to comply with what the probation department says" essentially satisfies the case law definition of willfulness, which is a defendant's failure to "make bona fide efforts to meet the conditions of his probation." *See State v. Maestas*, 2000 UT App 22, ¶ 24, 997 P.2d 314.

4. These letters do not appear to be contained in the record on appeal.

5. Although Brooks complains about the district court's demeanor in critiquing his actions, we view the district court's statements, taken as a whole, as an attempt to impress upon Brooks the seriousness of the situation and the importance of complying with his probation terms.

present mitigating evidence and did not commit any error in this regard, plain or otherwise.

¶17    The only remaining question is whether Brooks's counsel provided ineffective assistance when he did not object to the district court's failure to make an express finding that Brooks's admitted violation was willful or its handling of Brooks's ability to speak and present evidence in mitigation of that violation.  For the reasons discussed above, it is difficult to characterize counsel's performance as professionally deficient, as objections would likely have netted Brooks only an express, rather than implied, finding of willfulness and perhaps some minimal further opportunity to speak.  Likewise, we see no prejudice to Brooks from his counsel's failure to make such objections.

¶18    Further, under the circumstances, Brooks's counsel might reasonably have believed—as do we—that the AP&P sentencing recommendation was quite favorable to Brooks. Further, the district court was under no obligation to accept AP&P's recommendation, *cf. State v. Thurston*, 781 P.2d 1296, 1300 (Utah Ct. App. 1989) ("The entire sentencing process is a search for truth and an evaluation of alternatives. Therefore, any recommendations of the prosecutor or any other party are not binding on the [district] court."), and had indicated its reluctance to do so.  Under these circumstances, a decision to forego objections to avoid the appearance that Brooks was trying to escape responsibility for his probation violation and to facilitate the district court's acceptance of AP&P's recommendation would constitute a reasonable tactical decision by Brooks's counsel.  *See generally State v. Maestas*, 1999 UT 32, ¶ 20, 984 P.2d 376 ("[I]n reviewing counsel's performance, we give trial counsel wide latitude in making tactical decisions and [do] not question those tactical decisions unless there is no reasonable basis supporting them.").

CONCLUSION

¶19    We determine that the district court's failure to make an express finding of willfulness prior to revoking and restarting Brooks's probation presents either no error at all or invited error by Brooks's counsel.  We also determine that the district court provided Brooks with ample opportunity to speak and present evidence in mitigation and that Brooks has failed to establish ineffective assistance on the part of his counsel.

For these reasons, we affirm the district court's order revoking and restarting Brooks's probation.

_____
William A. Thorne Jr., Judge

----- 

¶20    WE CONCUR:

_____
J. Frederic Voros Jr.,
Associate Presiding Judge

_____
Michele M. Christiansen, Judge