THORNE, Judge
(dissenting):
124 I respectfully dissent. I agree with the majority opinion that there was no error in allowing the jury to be instructed on the class A misdemeanor sexual battery charge. However, I disagree with the majority's conclusions that the 404(b) evidence was improperly admitted and that the admission of this evidence entitles Bedell to a new trial on grounds of plain error and ineffective assistance of counsel. See generally Utah R. Evid. 404(b) (governing the admission of evidence of prior crimes, wrongs, or bad acts). I would also reject Bedell's other arguments on appeal, either on their substance or as *279 inadequately briefed. For these reasons, I would affirm Bedell's conviction below.
125 The erux of the majority's analysis is that Bedell had secured a pretrial ruling excluding from evidence nine prior allegations of sexual misconduct by Bedell against his female patients, that the district court never modified that ruling, and that both plain error and ineffective assistance of counsel occurred when the State was allowed to introduce the 404(b) evidence in the face of the unmodified pretrial ruling. My disagreement with the majority's analysis arises from Bedell's cross-examination of the Detective, which opened the door to evidence that would otherwise have been excluded under the district court's ruling. The district court's exclusion order expressly provided, "The State may seek to resubmit some or all of the 404(b) evidence at trial, if [Bedell] 'opens the door to the same." As this is exactly what happened, I see no plain error in the district court's failure to challenge, sua sponte, the Detective's 404(b) testimony. Further, Bedell's counsel's actions regarding the 404(b) evidence demonstrate a reasonable trial strategy and, as such, cannot constitute ineffective assistance of counsel.
26 "In order to demonstrate plain error, a defendant must establish that (1) the district court erred, (2) the error should have been obvious to the district court, and (8) the error was harmful." State v. Brooks, 2012 UT App 34, ¶ 14, 271 P.3d 831. Even assuming that admission of the 404(b) evidence was both erroneous and harmful, the error would not have been obvious to the district court in light of what had previously occurred during Bedell's cross-examination of the Detective. By the close of that cross-examination, Bedell's counsel had disclosed by his own statements or through elicited testimony that Bedell was facing a separate, presumably criminal, trial based on allegations of sexual misconduct by multiple other women and that the other allegations bore "very, very common" markers or similarities to the Complainant's allegations in this case.[1]
127 Bedell's cross-examination of the Detective clearly opened the door regarding the other allegations of sexual misconduct. See generally State v. Lopez, 626 P.2d 483, 485 (Utah 1981) ("[If the defendant himself opens up the subject as to prior incidents, [his testimony] becomes subject to cross-examination and refutation the same as any other evidence."); Butterfield v. Cook, 817 P.2d 333, 338 (Utah Ct.App.1991) (explaining that once evidence is properly presented, counsel for both sides may fully explore the evidence, inferences, and deductions arising therefrom). Therefore, under the plain terms of the exclusion order, the State was entitled to "seek to resubmit some or all of the 404(b) evidence," which it did by eliciting further 404(b) testimony with no objection from Bedell. Bedell's failure to object to the redirect testimony after eliciting similar testimony on cross-examination would have strongly suggested to the district court that Bedell recognized that the 404(b) evidence was no longer excluded due to his choice to open the door to that evidence. While Bedell could certainly have objected to the Detective's redirect testimony on the grounds that it exceeded the width of the opened door, any such argument would not have been obvious to the district court and thus cannot serve as the basis for a finding of plain error.[2]
1 28 Bedell's ineffective assistance of counsel claim also must fail because there were sound strategie reasons for allowing the prior accusation testimony to come in. See generally State v. Dunn, 850 P.2d 1201, 1225 (Utah 1993) ("[I]f the challenged act or omission might be considered sound trial strategy, we will not find that it demonstrates inadequacy of counsel."). Bedell attempted to use the 404(b) evidence to his advantage in two distinct ways. First, he used the evi- *280 denee to suggest that the Detective had uncritically accepted Complainant's allegations because he was already convinced that Bedell had a history of sexual misconduct against his patients. But more importantly, Bedell used the fact that the Complainant knew of the prior allegations to suggest that she was engaging in copycat behavior, accusing Be-dell of misbehavior because she knew that he was already being accused by others.[3] While neither of these strategies is without risk, they are not so inherently unsound as to constitute ineffective assistance of counsel. See State v. Kooyman, 2005 UT App 222, ¶ 43, 112 P.3d 1252 ("[In the event that we conclude that counsel's decision amounted to reasonable trial strategy or tactics, regardless of the outcome, counsel's decision will not qualify as ineffective assistance.").
{29 For these reasons, I cannot agree with the majority opinion that either plain error or ineffective assistance of counsel occurred in this case as regards the 404(b) evidence. I would also reject Bedell's other claims of error on appeal. Accordingly, I would affirm Bedell's conviction, and I respectfully dissent from the majority opinion's reversal of that conviction.

. The Detective also testified on cross-examination, "[The similarities between [Complainant's statement] and the other complaining witnesses in this matter are-how do you say it? They-they bring-they bring a person to a conclusion that she's telling the truth."

. The Detective went into substantially greater detail about the prior accusations on redirect than he had on cross-examination. It is possible that Bedell could still have excluded some of these details upon further objection and argument, but the inadmissibility of the details is not so obvious that the district court committed plain error in allowing them to come in.

. In closing argument, Bedell's counsel made the following statement regarding the Complainant's interactions with the Inmate, another alleged victim of Bedell's who the Complainant had met in jail:
[The Complainant] says in her written statement here on page 15, that she said, referring to [the Inmate], that something similar had happened to her. Well, [the Inmate] came, and she-I didn't hear her say that she had been sexually assaulted by anybody. What she did say, however, was very similar language to the language that [the Complainant] used. And that is, "You look younger than your age." I asked {the Inmate], "Did you tell that to [the Complainant] when you guys were talking at the jail?['"] I mean that's exactly what she's saying that Dr. Bedell said to her.... And she says, "I might have."
"You look pretty." That's another concept that [the Complainant] says that Dr. Bedell did that was inappropriate, that's exactly what [the Inmate] said.
And then the concept, he made me feel dirty, like I wanted to wash my hands after visits. And that concept of feeling dirty is exactly the concept that's conveyed by [the Complainant] to [the Detective] in her interview, and she's kept that dirty theme through her testimony before us here.
[The Complainant] tells us that [the Inmate] explained what was going on regarding Dr. Bedell and he was being investigated. [The Inmate] said that they were discussing what they have read in the paper about-what they have read in the papers. What does that suggest? Not earth shattering stuff, but it does suggest that [the Complainant] was talking to [the Inmate] about what's been in the paper about Dr. Bedell. There's nothing wrong with that, it's in the paper, everybody could read it. But when [the Complainant] gets with [the Detective], she minimizes that concept with [the Detective].