**2015 UT App 143**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
LAINA ELAINE ZAZUETA,
Defendant and Appellant.

Per Curiam Decision
No. 20140450-CA
Filed June 4, 2015

Third District Court, Salt Lake Department
The Honorable James T. Blanch
Nos. 131911650, 131904240

John B. Plimpton and Lisa J. Remal, Attorneys
for Appellant

Sean D. Reyes and Brett J. DelPorto, Attorneys
for Appellee

Before JUDGES GREGORY K. ORME, J. FREDERIC VOROS JR., and
JOHN A. PEARCE.

PER CURIAM:

¶1      In a consolidated appeal, Laina Elaine Zazueta appeals her sentence on convictions for robbery and burglary, both second degree felonies, and the revocation of probation and imposition of previously suspended prison sentences for attempted theft and possession of a firearm by a restricted person, both third degree felonies. She claims that the district court "failed to give adequate weight to her struggles with anger, depression, and drug abuse and her sincere commitment to overcome them." We affirm.

¶2      In district court case number 131904240, Zazueta pleaded guilty in July 2013 to reduced charges of attempted theft and

possession of a firearm by a restricted person and was sentenced to two concurrent prison terms of zero-to-five years. The district court then suspended the prison terms, placing her on thirty-six months of probation supervised by Adult Probation and Parole (AP&P). She failed to report to AP&P to initiate probation and was a fugitive from July 2013 until her December 2013 arrest on the charges in case number 131911650. AP&P initiated proceedings to revoke probation, which were based, in part, upon an allegation that she committed the offenses charged in case number 131911650. The district court first sentenced Zazueta on case number 131911650 and then it considered the order to show cause on the probation violation.

¶3      In case number 131911650, Zazueta entered guilty pleas to robbery and burglary, both second degree felonies. The district court reviewed a Presentence Investigation Report (PSI) that recommended prison terms, noting that Zazueta scored in the high risk category and presented a serious threat of violent behavior. The PSI stated that her attitude was not conducive to supervision in a less restrictive setting than incarceration and that her violent behavior presented a safety risk to the community. The PSI noted that Zazueta was given opportunities for probation supervision with AP&P or other agencies and failed to initiate probation supervision, absconded from supervision, and failed to comply with court orders. The district court received Zazueta's clarifications to the PSI, which included that she was affected by the 2011 death of her brother.

¶4      Zazueta requested another probation opportunity, acknowledging that she should participate in substance abuse treatment. Defense counsel noted that Zazueta was exposed to methamphetamine at a young age but that now she had family support from her mother and from Zazueta's husband, who was not involved in criminal activities or drug use. Zazueta stated that, if given another probation opportunity, she intended to complete substance abuse treatment, obtain her GED, find

employment, address her anger issues, and cooperate with any other requirements of probation. Zazueta addressed the court about her young age and desire to be with her child. The State opposed probation, citing her lack of cooperation with probation, lack of respect for court orders, escalating criminal conduct, and already extensive criminal record. The State requested concurrent prison sentences on these two charges, to run consecutively to any sentence following the probation revocation.

¶5     The district court sentenced Zazueta to concurrent prison sentences of one-to-fifteen years on each count in case number 131911650. The court acknowledged her young age, but noted the seriousness of the crimes and her "disturbing criminal record over a very short period." The court stated that the need to impose the punishment required for the offenses Zazueta committed could not be satisfied by putting her on probation.

¶6     Zazueta waived an evidentiary hearing and admitted four of the allegations supporting the order to show cause in case number 131904240. The district court reviewed the PSI for that case, in which AP&P recommended that the court revoke probation and impose the original sentence of concurrent terms of zero-to-five years. The State concurred in that recommendation. Zazueta asked that the case be closed. The district court imposed the original sentences of two zero-to-five year terms, to run concurrently with each other and consecutively to the prison terms imposed in case number 131911650. The court stated that "given the gravity of the offenses, the number of victims involved, and the history, character, and rehabilitative needs of Ms. Zazueta, consecutive sentences are appropriate" as between the two cases.

¶7     An appellate court "will overturn a sentencing decision only if it is clear that the actions of the [sentencing] judge were so *inherently unfair* as to constitute an abuse of discretion." *State v. Killpack*, 2008 UT 49, ¶ 18, 191 P.3d 17 (citations and internal

quotation marks omitted)(emphasis in original). A district court has broad discretion in deciding whether or not to order probation, because the "granting or withholding of probation involves considering intangibles of character, personality and attitude." *State v. Rhodes*, 818 P.2d 1048, 1049 (Utah Ct. App. 1991) (citations and internal quotation marks omitted). "An appellate court reviews the district court's decision to grant, modify or revoke probation for abuse of discretion." *State v. Brooks*, 2012 UT App 34, ¶ 8, 271 P.3d 831.

¶8 Zazueta contends that the district court abused its discretion in imposing prison terms in the consolidated cases because the court "failed to give adequate weight to [her] struggles with anger, depression, and drug abuse and her sincere commitment to overcome them." She also argues that in the probation revocation case (number 131904240) the district court "failed to realize that there was no benefit in sentencing [her] to prison time in addition to her sentence" in case number 131911650. The sentences imposed were within the statutory range, and the record demonstrates that the district court considered and weighed the legally relevant factors. We cannot conclude that the district court's weighing of the relevant factors constituted an abuse of discretion. *See Killpack*, 2008 UT 49, ¶ 59 ("[S]everal mitigating circumstances claimed by a defendant may be outweighed by a few egregious aggravating factors."). Furthermore, the district court considered Zazueta's argument that there was no benefit to imposing the original sentence in case number 131904240. The district court disagreed, stating that the imposition of consecutive sentences allowed latitude to the Board of Pardons in determining the time to be served in order to address Zazueta's rehabilitative needs. We do not disturb that determination.

¶9 Accordingly, we affirm.

———————