2016 UT App 72

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
ROBERT FRANK GOODRICH,
Appellant.

Opinion
No. 20140708-CA
Filed April 14, 2016

Second District Court, Farmington Department
The Honorable Robert J. Dale
No. 091701314

Scott L. Wiggins, Attorney for Appellant

Sean D. Reyes and Jeanne B. Inouye, Attorneys
for Appellee

SENIOR JUDGE PAMELA T. GREENWOOD authored this Opinion, in
which JUDGES J. FREDERIC VOROS JR. and KATE A. TOOMEY
concurred.[1]

GREENWOOD, Senior Judge:

¶1  Defendant Robert Frank Goodrich appeals the district
court's revocation of his probation and the reinstatement of his
original sentence, after he admitted to two probation violations.
His appeal rests on claims of ineffective assistance of counsel,
plain error by the district court, and cumulative error. We affirm.

---

1. Senior Judge Pamela T. Greenwood sat by special assignment
as authorized by law. *See generally* Utah R. Jud. Admin. 11-
201(6).

BACKGROUND

¶2    Defendant pled guilty to two second-degree felony counts of Sexual Abuse of a Child. *See* Utah Code Ann. § 76-5-404.1 (LexisNexis Supp. 2015).[2] The district court sentenced him to two consecutive indeterminate prison terms of one to fifteen years. The district court suspended the prison terms and imposed a 365-day jail sentence with release to the Northern Utah Community Correctional Center (NUCCC). Defendant was placed on thirty-six months of probation, to be supervised by Adult Probation and Parole (AP&P). After Defendant was released from jail, and after he completed the NUCCC program, he moved to Oregon for work. The Marion County Sheriff's Office in Salem, Oregon, supervised Defendant's probation there.

¶3    In March 2013, less than a year after Defendant moved to Oregon, AP&P filed a probation violation report in Utah alleging four violations. Defendant was prepared to admit to two of the violations, which were originally described in the report as "possess[ing] sexual stimulus material electronically on a laptop in his possession" and leaving "the State of Oregon on two occasions either by deviating from his travel permit or without permission." During the district court hearing in Utah on the order to show cause, defense counsel requested that the first allegation be amended to say that Defendant viewed, rather than possessed, sexual stimulus material. He further requested that the second allegation be amended to indicate that Defendant "was not truthful regarding leaving the State of Oregon." Neither the State nor AP&P had any objections to the

---

2. "For ease of reference, we cite the current version of the statute and note that there have been no alterations since defendant's conviction that would affect this appeal." *State v. Roth*, 2001 UT 103 ¶ 8 n.1, 37 P.3d 1099.

amendments; Defendant then admitted to the two amended allegations.

¶4    Defendant told the district court, "I'd certainly love to explain myself," which the court allowed. He alleged that his probation officer in Oregon "kept making just rude statements to [him] . . . and . . . threatening [him] each month." Defendant claimed that, after being denied his requests for a new probation officer and to return to Utah, he decided his only option was to pretend to violate probation. He explained, "And so I felt I was backed into a corner, your Honor, and the only thing I could do was just fabricate information that would then give me a probation violation and get me back to Utah."

¶5    "[B]ased on [Defendant's] admitted probation violation . . . and having looked carefully at [his] records and the background and what[] occurred," the district court "terminate[d] [Defendant's] probation unsuccessfully." AP&P recommended that the district court impose Defendant's original prison sentence, and the court followed that recommendation. Defendant now appeals.

ISSUES AND STANDARDS OF REVIEW

¶6    With the benefit of new counsel on appeal, Defendant argues that his trial counsel[3] "deprived [him] of his constitutional right to the effective assistance of counsel in the revocation proceedings . . . by failing to investigate and present critical evidence rebutting and mitigating the probation violation allegations." Defendant also alleges that trial counsel was

---

3. Although there was no trial in this case, we use the term "trial counsel" for simplicity throughout this opinion to refer to the attorney who represented Defendant at the order to show cause hearing and whose performance Defendant now contends was constitutionally deficient.

ineffective when he violated the duty of loyalty. "A claim of ineffective assistance of counsel, when raised on appeal for the first time, presents a question of law." *State v. Legg*, 2014 UT App 80, ¶ 9, 324 P.3d 656. "Questions of law are reviewed for correctness." *State v. Petersen*, 810 P.2d 421, 424 (Utah 1991).

¶7      Defendant also contends the district court failed to ensure that he receive timely and adequate notice of, and an opportunity to be heard on, the alleged probation violations. Because this issue was not properly preserved for review on appeal, Defendant raises this claim under the plain-error doctrine, which requires him to establish that (1) an error exists, (2) the error should have been obvious to the district court, and (3) the error was harmful. *See State v. Dunn*, 850 P.2d 1201, 1208–09 (Utah 1993).

¶8      Finally, Defendant claims that the cumulative effect of the above alleged errors necessitates reversal. "Under the cumulative error doctrine, we apply the standard of review applicable to each underlying claim or error." *State v. Davis*, 2013 UT App 228, ¶ 16, 311 P.3d 538 (citation and internal quotation marks omitted). "[W]e will reverse only if the cumulative effect of the several errors undermines our confidence . . . that a fair trial was had." *Dunn*, 850 P.2d at 1229 (omission in original) (citation and internal quotation marks omitted).

ANALYSIS

I. Ineffective Assistance of Counsel

¶9      Defendant first alleges that trial counsel's performance was constitutionally deficient because he failed to investigate and present mitigating evidence. "To succeed on his ineffective-assistance claim, Defendant is required to prove 'that counsel's representation fell below an objective standard of reasonableness' and 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different.'" *State v. Potter*, 2015 UT App 257, ¶ 7, 361 P.3d 152 (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984)). "Because failure to establish either prong of the test is fatal to an ineffective assistance of counsel claim, we are free to address [Defendant's] claims under either prong." *Honie v. State*, 2014 UT 19, ¶ 31, 342 P.3d 182. We therefore first consider whether trial counsel's alleged failure to investigate prejudiced Defendant.

¶10 According to Defendant, trial counsel should have obtained "a copy of the probation supervision documentation from Oregon." He claims that these documents demonstrate the violation of his right to due process and that he did not violate the terms of his probation.[4] To succeed on this claim, Defendant "bears the burden of proving that counsel's errors actually had an adverse effect on the defense and that there is a reasonable probability that, but for counsel's . . . errors, the result of the proceeding would have been different." *State v. Ott*, 2010 UT 1, ¶ 40, 247 P.3d 344 (omission in original) (citation and internal quotation marks omitted). This is a burden Defendant has not successfully met.

¶11 Any error in trial counsel's failure to obtain the Oregon documents did not prejudice Defendant because he admitted to

---

4. Defendant has filed a rule 23B motion to supplement the record on appeal with these documents. *See* Utah R. App. P. 23B. Because we conclude that Defendant cannot show prejudice, *see infra* ¶¶ 11–14, it is immaterial whether trial counsel performed deficiently by not obtaining these documents. And because having these documents as part of the record would therefore not affect the outcome on appeal, we deny Defendant's 23B motion. *See State v. Potter*, 2015 UT App 257, ¶ 6 n.1, 361 P.3d 152 (denying a 23B motion where the defendant's "ineffective-assistance claim would fail for lack of prejudice, even assuming defense counsel performed deficiently").

the violations that led to the probation revocation. *Cf. State v. Brady*, 2013 UT App 102, ¶ 10, 300 P.3d 778 (rejecting a due process challenge where the defendant had admitted to violating probation). In *Brady*, we considered a due process challenge where the defendant "admitted to violating his probation by failing to pay anything toward the restitution, but described his efforts to find a job and his overwhelming financial obligations in an effort to mitigate the impact of his violation." *Id.* ¶ 3. There, we "fail[ed] to see how this amounted to a violation of Brady's due process rights, *especially where he admitted to violating his probation* and the trial court considered his mitigating testimony." *Id.* ¶ 10 (emphasis added); *see also State v. Waterfield*, 2011 UT App 27, ¶ 2, 248 P.3d 57 ("Once Defendant admitted to probation violations, the district court had discretion to restart his probation[.]").

¶12 In the present case, the Oregon documents would not have affected the outcome. If, as Defendant contends, the documents would have established that he had fabricated the probation violations, such an explanation was already before the district court. Defendant began his statement to the court by offering mitigating evidence: he graduated from the NUCCC, "completed ten months of after care," and "completed 34 months of probation."[5] He then explained the claimed

---

5. We briefly note that this approach appears to be a sound strategy employed by trial counsel, which cuts against any argument that trial counsel performed deficiently. It appears that trial counsel planned to focus on mitigating evidence in helping Defendant avoid probation revocation. And, when Defendant began his statement to the court, this was also his focus. But Defendant appears to have veered off topic by describing his disagreements with the Oregon probation officer and the "decision [Defendant] made that [he] wasn't going to complete [his] probation with this probation officer[.]" Trial counsel then tried to refocus the discussion on mitigating factors, such as the

(continued…)

fabrication: "I felt I was backed into a corner, your Honor, and the only thing I could do was just fabricate information that would then give me a probation violation and get me back to Utah."

¶13 Perhaps counterintuitively, if the Oregon documents had indeed supported Defendant's assertion that he had used the probation violations as a way to return to Utah, this would have reinforced the district court's decision to revoke probation. In announcing its order, the district court admonished,

> The concerns I have is, these are serious matters. You—you have been convicted of serious matters and to indicate to the Court, for instance, that you violated your probation intentionally so that you could be here is not, as far as the Court is concerned, mitigating in the least; in fact, it's aggravating.

Any Oregon documents supporting Defendant's claim on this point could not have benefited him. The district court would have likely determined that, like his proffered explanation of his conduct, such evidence demonstrated aggravating circumstances.

---

(…continued)

fact that Defendant "did, in fact, complete the [sex offender] program in May of last year and there [were] no significant problems reported while he was at the [NUCCC] program; in other words, he did well enough to complete the program and did so . . . successfully. And there were no issues at all reported while he was in Utah . . . ." This strategy of focusing on mitigation regardless of what information might have been available in the Oregon documents was sound and reasonable. This alone allows us to conclude that trial counsel did not perform deficiently by not obtaining documents from Oregon.

¶14    Finally, Defendant's statement to the district court was inherently inconsistent. He both explained why he should receive leniency for violating probation and claimed that he did not, in fact, violate the terms of his probation. This came after Defendant's admission: "With these changes [to the allegations], I admit to them." Thus, Defendant alone provided the district court with confusing and contradictory information regarding his actions. The Oregon documents might have supported one part or another of Defendant's statement, but they also necessarily would have contradicted part of Defendant's statement. Furthermore, the court would still have had before it the one most straightforward and uncomplicated piece of evidence it received—Defendant's admission. And it was this admission that the court relied on in revoking probation. Indeed, the district court explicitly concluded, "Mr. Goodrich, based on your admitted probation violation . . . I am going to in fact, terminate your probation unsuccessfully." We therefore conclude that the Oregon documents would not have changed the outcome of the probation revocation proceedings and so, on this point, Defendant's ineffective-assistance claim fails.

¶15    Defendant's second allegation—that he received ineffective assistance when trial counsel violated the duty of loyalty—is equally unsustainable. Quite simply, Defendant has failed to establish "that defense counsel actually labored under a conflict of interest." *See State v. Martinez*, 2013 UT App 39, ¶ 29, 297 P.3d 653.

¶16    Defendant claims that trial counsel violated his duty of loyalty in taking "a position directly contrary to Defendant's interest" by requesting amendments to the probation violation allegations. *See supra* ¶ 3. It is true that, "[a]t a minimum, an attorney's duty of loyalty to his or her client requires the attorney to refrain from acting as an advocate against the client." *State v. Holland*, 876 P.2d 357, 359–60 (Utah 1994). But Defendant fails to establish how trial counsel violated his duty of loyalty and advocated against him by requesting the amendments.

¶17 To begin with, trial counsel likely concluded that amending the violations as requested would lessen Defendant's culpability. The amendments indicated that Defendant viewed, rather than possessed, sexual stimulus material. And rather than explicitly admit to leaving the state, the amended allegation allowed Defendant to admit only to being untruthful about leaving the state. So rather than taking a position adverse to Defendant, trial counsel actually took steps to reduce the seriousness of the allegations against him.

¶18 Additionally, Defendant's own behavior at the hearing indicates that he wanted the allegations amended. The district court directly asked Defendant if he admitted to the alleged probation violations, and Defendant's response was conditioned upon the amendments: "With these changes, I admit to them." In other words, trial counsel's actions in requesting the amendments directly served Defendant's interests, and the changes were consistent with what Defendant personally told the court.

¶19 From all that appears on the record, Defendant wanted the changes made and conditioned his admitting to the allegations on those changes. It is thus difficult to see how complying with Defendant's wishes can be construed as a violation of the duty of loyalty. Because trial counsel did not violate the duty of loyalty, his assistance was not constitutionally deficient. *See Martinez*, 2013 UT App 39, ¶ 29.

## II. Adequacy of Notice

¶20 Defendant next argues that the district court failed "to ensure that Defendant had been provided with timely and adequate notice and an opportunity to be heard on the probation violation allegations." In probation revocation proceedings, "notice of the claimed violations" is required to ensure that defendants receive "the minimum requirements of due process." *See State v. Orr*, 2005 UT 92, ¶ 20, 127 P.3d 1213 (citation and

internal quotation marks omitted). The failure to provide such notice only constitutes reversible error when lack of notice is prejudicial to the defendant. *Cf. State v. Cowdell*, 626 P.2d 487, 489 (Utah 1981).

¶21 We review this particular challenge for plain error, because Defendant failed to preserve the issue for appeal. Thus, for Defendant to succeed on this claim, he must demonstrate that (1) an error exists, (2) the error should have been obvious to the district court, and (3) the error was harmful. *See State v. Holgate*, 2000 UT 74, ¶ 13, 10 P.3d 346.

¶22 To begin with, we are not persuaded that Defendant lacked proper notice of the revocation proceedings. Indeed, Defendant's brief lacks any analysis regarding whether an error exists and instead jumps straight to the obviousness of the presupposed error. Regardless, even if we were to assume for purposes of this decision that an error did occur and that such error should have been obvious to the district court, we cannot conclude that Defendant was prejudiced by any lack of notice.

¶23 Defendant appeared at the order to show cause hearing, which indicates that even if he were not properly served with notice, as he briefly suggests, he had actual notice of the time and place of the proceedings. Furthermore, at the proceeding the district court verified that Defendant had notice and an understanding of the allegations against him. It asked, "I want to make sure that you've read carefully the affidavit and the allegations that are in it. Have you done that?" Defendant answered that he had.[6] Defendant then spoke to the district court

---

6. Defendant points out that before he answered the district court, trial counsel specified, "We're only talking about 3 and 4. Mr. Goodrich viewed." The allegations that were numbered 3 and 4 are the two allegations to which Defendant admitted. We fail to see how this clarification by trial counsel affects our

(continued…)

about those allegations and gave his explanation for his behavior. *See supra* ¶ 12.

¶24 Regardless of whether there was any error by the district court in providing Defendant notice, we are confident that the outcome of the proceedings was not affected. Defendant was present. He was aware of the allegations against him. And he defended himself against those allegations. Accordingly, because any alleged error was not harmful, there is no cause for reversal. *See Brinkerhoff v. Schwendiman*, 790 P.2d 587, 589 (Utah Ct. App. 1990) (citing cases for the proposition that deficient notice is not prejudicial if the party appears and participates in the hearing).

### III. Cumulative Error

¶25 Defendant's final argument is that the doctrine of cumulative error requires reversal of the district court's decision to revoke probation. *See State v. Perea*, 2013 UT 68, ¶ 97, 322 P.3d 624 (explaining the cumulative-error doctrine and its applicability when "the cumulative effect of the several errors undermines" our confidence in the outcome of the proceedings below (citation and internal quotation marks omitted)). "In assessing a claim of cumulative error, we consider all the identified errors, as well as any errors we assume may have occurred." *State v. Dunn*, 850 P.2d 1201, 1229 (Utah 1993).

¶26 In the instant case, we have identified no errors, but we did assume error for purposes of examining whether Defendant had suffered prejudice from trial counsel's failure to obtain the Oregon documents and in the purportedly deficient notice provided Defendant. But even considering these assumed errors

---

(…continued)
analysis. If anything, it supports a conclusion that Defendant was focused on and aware of the allegations that he eventually admitted.

together, as we are required to do in evaluating a claim of cumulative error, there is no need for reversal. This is not a case where "the cumulative effect of the several errors undermines our confidence" in the probation revocation proceedings. *See id.* (citation and internal quotation marks omitted). Defendant's cumulative-error claim therefore fails.

CONCLUSION

¶27 Defendant appeared at the order to show cause hearing and willingly admitted to two probation violations. These facts drive our decision, because even if trial counsel performed deficiently by not obtaining certain documents, and even if Defendant did not receive adequate notice, Defendant cannot demonstrate prejudice. Similarly, because there was no prejudice to Defendant, his cumulative-error claim also fails.

¶28 Affirmed.

——————